

Case 15-09009    Filed 06/15/15    Doc 28

FILED

JUN 15 2015

POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RICHARD CARROLL SINCLAIR,<br><br>   Debtor.<br>_____<br><br>ANDREW KATAKIS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>RICHARD CARROLL SINCLAIR,<br><br>   Defendant.<br>_____ | Case No. 14-91565-E-11<br><br><br><br><br><br>Adv. Proc. No. 15-9009<br>Docket Control No. HAR-1 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION
DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT**

Andrew Katakis, California Equity Management Group, Inc., and Fox Hollow of Turlock Owners' Association ("Movant") filed the instant Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant Richard Sinclair on April 23, 2015. Dckt. 11. Proper notice was provided and Richard Sinclair, the defendant ("Defendant-Debtor"), timely filed his opposition.

As set forth in this Memorandum Opinion and Decision, upon

consideration of the Motion, Supporting Pleadings, Opposition, arguments of the parties, and applicable law, the Motion is denied without prejudice.

## OVERVIEW OF LITIGATION

This Adversary Proceeding was filed on February 23, 2015. The complaint seeks a determination that a judgment obtained against Defendant-Debtor in Stanislaus County Superior Court ("State Court"), Case No. 332233 ("State Court Action") in the amount of $1,337,073.72 ("State Court Judgment") is a nondischargeable debt pursuant to "11 U.S.C. § 523(a)(2)(A), (4), and (6)." A copy of the ruling of the State Court ("State Court Ruling") and the California Court of Appeal Decision affirming the State Court Ruling are filed in support of the Motion as Exhibits 1 and 2, respectively, to Movant's Request for Judicial Notice, Dckt. 15.

As a preliminary matter, the court notes that these parties continue to be locked in what appears to be a litigation death spiral that has been going on for more than a decade. The litigation spiral has twisted from the California Superior Court to the U.S. District Court, and now from the California Court of Appeal to the U.S. Bankruptcy Court. It appears that litigation fatigue has set in, with the parties numb to what is being presented to the court – having lived the case for more than ten years, they do not appreciate that judges do not "know" what the parties "know."

Further, the parties appear destined to a path of importing ineffective litigation strategies from the State Court to the federal courts. As this court has admonished the parties previously, the federal courts enforce the Federal Rules of Civil

Procedure and Bankruptcy Procedure, the Federal Rules of Evidence, and the Local Bankruptcy Rules. Merely "dumping" on the court more than 700 pages of unauthenticated exhibits does not provide the court with evidence to support a party. Inundating the court with cut-and-pasted text from various treatises does not present the court with focused, persuasive arguments. Rehashing old battles for which this court cannot vacate or ignore final orders and judgments of the state court or district court does not advance one's position. Throwing a potpourri of State Court findings at a court (not identifying where in the record are such findings), and merely telling the court that somewhere in those findings there is some combination of findings which could support relief, is not a recipe for success. Not providing the court with the legal elements for relief sought under the Bankruptcy Code and not identify the evidence, acts, and exhibits which support those grounds will not win a motion.

## REVIEW OF MOTION

Movant states that summary judgment is appropriate in the instant Adversary Proceeding because there is no triable issue of fact. The Motion states with particularity the following grounds (Fed. R. Civ. P. 7(b) and Fed. R. Bankr. 7007) upon which such relief is based:

    A.    Movant seeks from this court Summary Judgement or, in the alternative, Partial Summary Adjudication against Defendant-Debtor.

    B.    Movant seeks a determination that the State Court Judgment obtained against Defendant-Debtor in the amount of $1,337,073.72 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (4), and (6).

///

    C.    After a 36-day trial, the State Court Judgment was entered against Defendant-Debtor for attorneys' fees based on a theory of "unclean hands."

    D.    The State Court Judgment has been affirmed on appeal.

    E.    The State Court Action had been filed by Defendant-Debtor to recover lots from Movant in the Fox Hollow Project from the purchasers at foreclosure sales.

    F.    The security instruments and formation documents of the Fox Hollow Home Owner's Association contained attorneys' fees provisions.

    G.    The State Court found that the acts of Defendant-Debtor in bringing the State Court Action to avoid the transfers "was initiated following acts by [Defendant-Debtor] that resulted in a finding by the State Court of unclean hands which in turn resulted in the award of attorney' fees, based on the documents involved in the foreclosures."

    H.    "Many of the [unidentified by Movant in the Motion] wrongful acts found by the State Court fit within the elements of § 523(a)(A), (4), and (6)."

    I.    "The wrongful acts that fit within the elements of § 523(a)(2)(A), (4) and (6) establish a pattern of fraud, misrepresentation and wilful malicious acts that resulted in the finding of unclean hands."[1]

Motion, Dckt. 11.

Movant has filed a 13-page Points and Authorities (Dckt. 13) which provides extensive legal quotations, citations, and arguments. The Points and Authorities does not provide the court with the legal authorities of how the Doctrine of Unclean Hands is

---

[1] The Motion does not state with particularity the grounds, acts, findings, or events which are alleged to "fit within elements" for nondischarageability or assert the grounds therefore. Rather, it merely combines the very diverse nondischargeablility requirements for fraud (§ 523(a)(2)(a)), breach of fiduciary duty/embezzlement/larceny (§ 523(a)(4)), and willful and malicious injury to the person or property of another (§ 523(a)(6)) into one composite basis. The Motion does not state what conduct constituted the "unclean hands" upon which the Motion appears to be based as the sole grounds for relief under "11 U.S.C. § 523(a)(2)(A), (4) and (6))." Movant does not identify these separate and independent bases for nondischargeablity of a debt, but merely lumps them together as if they are one combined basis for such relief.

4

a basis for the relief requested pursuant to "11 U.S.C. § 523(a)(2)(A), (4) and (6)." The court understands from the Points and Authorities the following legal analysis on this point:

    A.    A judgment for attorneys' fees was based on a theory of "unclean hands."

    B.    The "unclean hands" basis presents this bankruptcy court with the issue of "if some, but not all of the findings of wrongful acts that are within the scope of § 523(a)(2)(A), (4) and (6) establish a pattern that results in the entire Judgment being a non-dischargeable debt."

    C.    The court is requested to take judicial notice of the decision of the Fifth District Court of Appeal in affirming the State Court finding of "unclean hands."

    D.    The District Court of Appeal decision cited by Movant includes the following:

        1.    Defendant-Debtor failed to cite to the record any evidence to the first 20 instances of "unclean hands" the State Court found to be "untrue representations or a partial truth."[2]

        2.    The pre-2002 misconduct of Defendant-Debtor included:

            a.    Failure to complete the subdivision work for Fox Hollow to create a PUD.

            b.    The misrepresentation of, or failure to disclose, the noncompliance to the City of Turlock and to lenders, which permitted Defendant-Debtor to encumber Fox Hollow in excess of its true value.

            c.    It also included failure to form and operate the FHOA once the subdivision map was filed, to maintain the property while it was over-encumbered, and to make payments to lenders.

            d.    It included filing a petition in bankruptcy to delay foreclosure, filing state court actions

---

[2] In the District Court of Appeal decision cited to the court, the court collection refers to the Defendant-Debtor and other parties as the "plaintiffs" in the State Court Action. For consistency in this ruling, this court specifically refers to the Defendant-Debtor individually, as he is included in the group that the Court of Appeal identifies as "plaintiffs."

        to further delay foreclosure and, finally, making misrepresentations in various court proceedings.

  e.    Defendant-Debtor's pre-2002 misconduct led to the foreclosures that resulted in Katakis acquiring lots 3, 7, 9, and 14 and related directly to Defendant-Debtor's claim that the foreclosures were wrongful.

  f.    Under the unclean hands doctrine, it was inequitable to grant Defendant-Debtor the relief sought in the State Court Action, because it was Defendant-Debtor's conduct that resulted in the foreclosure sales.

  g.    Under the unclean hands doctrine, it was inequitable to grant Defendant-Debtor the relief he sought - monetary damages and avoiding the foreclosure sales - because of Defendant-Debtor's misconduct.

  h.    The alleged misconduct of Movant in the State Court Action was not relevant to whether Defendant-Debtor's claim in the State Court Action was barred by the unclean hands doctrine.

  i.    The State Court found that Defendant-Debtor's claims in the State Court Action were barred by misconduct that included:

      (1)    fraud in securing the underlying notes and deeds of trust;

      (2)    refusing to make mortgage payments and misrepresentations regarding those payments;

      (3)    refusal to pay dues and special assessments to the FHOA; and

      (4)    misuse of the courts to delay the foreclosures.

  j.    Under the unclean hands doctrine, Defendant-Debtor was not entitled to recover the lots or any lost rents because of the wrongful acts in relation to those lots.

  k.    Defendant-Debtor failed to show that the State Court abused its discretion in concluding that all of Defendant-Debtor's claims were barred by the doctrine of unclean hands.

Points and Authorities, Dckt. 13, p. 3:11-28, 4:1-15.

Later in the Points and Authorities, the Movant cites to the State Court stating that the pattern of "unclean hands" conduct of Defendant-Debtor (one of the multiple "plaintiffs" in the State Court Action) was so pervasive that the unclean hands defense defeated all of Defendant-Debtor's claim against Movant.

Nowhere in the Points and Authorities does Movant provide the court with the explanation of the Unclean Hands Doctrine (an affirmative defense) in California, the elements for the defense, and how the affirmative defense is made into an offensive claim for attorneys' fees and nondischargeability of debt.

While the Motion does not state with particularity any specific conduct which would be the basis for the relief requested (only stating that it's "unclean hands"), the Points and Authorities state (and Movant confirmed at oral argument) that Findings (a), (f), (g), (h), and (p) are the basis for the court to determine that a judgment determining the award of attorneys' fees pursuant to "11 U.S.C. § 523(a)(2)(A), (4) and (6)" is proper. The court discusses these specific findings and how they apply, or do not apply, to the present Motion in the Discussion portion of this Decision.

**OPPOSITION**

The Defendant-Debtor filed an opposition on May 7, 2015. Dckt. 18. The Opposition is 48 pages in length. This includes a declaration appended to the Opposition rather than being filed as a separate document as required by the Local Rules and Guidelines for Preparation of Documents. It appears that sections of the Opposition consists of copies from treatises or articles which have

7

been cut and pasted into the opposition.

Defendant-Debtor has filed approximately 100 exhibits, without an index. These exhibits run 734 pages. It appears that few, if any, of these exhibits have been authenticated. Fed. R. Evid. 901, 902.

The gist of Defendant-Debtor's Opposition is that Movant has lied to the State Court and the State Court Judgment should not be valid. The State Court Ruling was issued on August 17, 2009, almost six years ago. The District Court of Appeal Decision was issued January 23, 2013, two and one-half years ago. Defendant-Debtor contends that he, now six years after the State Court Ruling, intends to prepare and file a motion to vacate the judgment (which is a final judgment after prosecution of an appeal) due to fraud on the State Court. Further, in the Opposition Defendant-Debtor states that he suffers from medical illnesses.

The Opposition continues, asserting that the State Court findings of "unclean hands" is untrue. He does not contend that this was not the State Court finding, but disputes that the findings of the State Court truly represent the actual facts. (Essentially arguing that the State Court's findings and conclusions are in error, and this court should not accept them, notwithstanding the State Court Ruling having been affirmed on appeal.) Much of the Opposition argues the facts which have been determined in the State Court Action.

The State Court Judgment has not been vacated, and as of oral argument on this Motion, there was no motion to vacate pending. An opposition of "the judgment is unfair and I want to re-litigate it further" is not an effective opposition to a well pleaded and

8

evidentiary supported motion for summary judgment.

**DISCUSSION**

The first troubling aspect to the Motion is that Movant fails to state with particularity, as required by Federal Rule of Civil Procedure 7(b) and Federal Rule of Bankruptcy Procedure 7007, the grounds for relief. The grounds stated in the Motion effectively state that there is some judgment which is based on "unclean hands" and possibly some of the grounds upon which that judgment is based (those grounds not stated) could be the basis for relief under 11 U.S.C. "§ 523(a)(2)(A), (4) and (6)." The Motion does not state the legal elements for any of the three separate statutory bases for nondischargeablity of debt, and therefore does not explain how the "findings" fulfill those elements.

Going to the Points and Authorities (which is not the Motion) and the court taking the laboring oar to plumb the depths for grounds, little more is offered. The Points and Authorities continues the mantra of "unclean hands," as if it is a specially defined term under the Bankruptcy Code which automatically makes a debt nondischargeable. The various findings stated in the Points and Authorities primarily discuss the Defendant-Debtor's claims in the State Court Action and why the Doctrine of Unclean Hands is a defense to such claims. There are no findings identified by Movant sufficient for the court to determine what findings and conclusions of the State Court exist to apply in this bankruptcy law nondischargeability proceeding.

The Points and Authorities fails to provide the court with the elements of a California Unclean Hands affirmative defense and how an affirmative defense becomes the basis for a claim in the

9

bankruptcy case.³ Defendant-Debtor does not provide the court with an analysis of why the asserted grounds are not sufficient. The court will not research, identify, and plead these key factual and legal matters for the parties.

At oral argument, Movant pointed the court to page 11 of the Points and Authorities, advising the court that Movant was relying on findings (a), (f), (g), (h), and (p) for the Motion. In the Statement of Undisputed Facts filed by Movant there are thirty-seven purported undisputed facts, but Movant does not identify where in the record the findings relied upon can be located. Rather, Movant merely advised the court that they can be found

---

³ See 5 Witkin California Procedure, Fifth Edition, § 1126, Unclean Hands, stating:

> The objection that the plaintiff does not come into equity with clean hands means that the plaintiff is guilty of wrongful conduct in connection with the transaction or subject matter of the action. (See 13 Summary (10th), Equity, §9 et seq.; 2 California Affirmative Defenses, §45:1 et seq.) The defense is available in legal as well as equitable actions. (See *Fibreboard Paper Products Corp. v. East Bay Union of Machinists, Local 1304, United Steelworkers of America, AFL-CIO* (1964) 227 C.A.2d 675, 728, 39 C.R. 64; 13 Summary (10th), Equity, §9.)
>
> This defense is not likely to appear on the face of the complaint. Moreover, the defense does not directly challenge the statement of the cause of action; it is essentially a plea in confession and avoidance. Hence, it will ordinarily be raised affirmatively in the answer. (See *Allstead v. Laumeister* (1911) 16 C.A. 59, 62, 116 P. 296 [allegation that property was conveyed by plaintiff in fraud of creditors]; *Fibreboard Paper Products Corp. v. East Bay Union of Machinists*, supra, 227 C.A.2d 726 [defense must be raised in trial court, and should ordinarily be pleaded; but denial of leave to amend was not error where alleged unclean hands was not in transaction before court]; *Santoro v. Carbone* (1972) 22 C.A.3d 721, 731, 99 C.R. 488, citing the text; for forms, see Cal. Civil Practice, 2 Procedure, §9:114; Cal. Civil Practice, 1 Real Property Litigation, §§1:70, 5:65.)

somewhere in the thirty-seven "State Court Findings." As pointed out to Movant at oral argument, there are no findings (a), (f), (g), (h), and (p) in the State Court Ruling or the District Court of Appeal Decision.

At oral argument, Movant advised the court that the alphabetic identification of the findings in the Points and Authorities was caused by error of counsel and his assistant in preparing the Points and Authorities, and the alphabetic listing corresponds to the numeric listing in the State Court Ruling and District Court of Appeal Decision. [(a) = 1, (b) = 2, etc.]. These findings relied upon by Movant are identified by the court from Exhibit 2, Dckt. 15, Request for Judicial Notice to be:

(a) = Finding 1, Statement of Decision, Dckt. 15, p. 6:14.5-16.5:

> In April 1994, Mr. Sinclair wrote to the City of Turlock to advise them that there were sufficient funds in the HOA. (D022.) Mr. Sinclair testified that he never told the City that there was an HOA before 1998 (687:5-15) and that there was no HOA before 2000. (689:6-9.) Mr. Sinclair's 1994 letter to the City of Turlock that there was an HOA was false.

(f) = Finding 6, *Id.*, p. 6:27.5-28, 7:1-2.5:

> On or about July 21, 1998, Plaintiffs [including the Defendant-Debtor] caused Subdivision Map No. 2 to be recorded creating an additional 15 lots. (J031.) Plaintiffs [including Defendant-Debtor] knew that they had failed to complete the conditions imposed by the City for recording such a map. (D010, D012, D013.) Plaintiffs [including Defendant-Debtor] also knew that the City had previously rejected their request to complete the required work after the map was recorded. (D016, D018, D021.)

(g) = Finding 7, *Id.*, p. 7:3.5-5:

> In July 1998, immediately upon recording Map No. 2, Plaintiffs [including Defendant-Debtor] caused 15 loans to be placed against the 15 new lots. Mr. Mauchley signed fifteen deeds of trust (J032, J033, J034, J035, J037, J039, J041, J043 to J050) that contained Planned Unit Development riders representing that there was an

11

```
        HOA.  Yet, "there was no intention to start it then."
        (687:5-15)
```

(h) = Finding 8, *Id.*, p. 7:6.5-8:

```
        In July 1998, Plaintiffs [including Defendant-Debtor]
        obtained these 15 new loans based on values that were
        "subject final completion of subdivision firewalls and
        underground  relocation of utilities to accommodate
        individual ownership . . . ." (J349; 4:11-14.)  This
        material information was not disclosed to the lenders.
        Plaintiffs' [including Defendant-Debtor's] secured these
        loans was [sic.] on a false premise.
```

and

(p) = Finding 16, *Id.* p. 8:5-8:

```
        Although Plaintiffs [including Defendant-Debtor] prepared
        HOA minutes indicating that Mr. Mauchley was present at
        the first two HOA meetings (P002), Mr. Mauchley testified
        that he did not attend meetings.  Plaintiffs' minutes
        indicate work was being done on and Mr. Sinclair billed
        Fox Hollow for doing work on Articles of Incorporation
        (P001) during the time period of August 2000 to December
        2000. Yet, the Articles of Incorporation were signed and
        completed in July 2000, but simply not filed with the
        secretary of state until December 2000. (D069.)
```

Neither the Motion nor the Points and Authorities state the elements for relief pursuant to 11 U.S.C. § 523(a)(2)(A) for fraud; § 523(a)(4) for breach of fiduciary duty, larceny, or embezzlement; or § 523(a)(6) for willful and malicious injury.  Each has its separate elements and requirements, and do not constitute an unified "catch-all" exception to discharge.

The best Movant states in the Points and Authorities is that Movant alleges that Defendant-Debtor "[c]ommitted wrongful acts that fall within § 523(a)(2)(A), (4) and (6) that resulted in his loss in the State Court Action and the award of attorneys' fees based on his 'unclean hands' in manipulating the Fox Hollow project and the filing of the State Court Action." Dckt. 13.  The court has no idea what "wrongful acts" Movant asserts to support its

claim for each of the various and greatly divergent grounds of § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6) to render the attorneys' fee award nondischargeable.

**Issues of Collateral Estoppel**

In the Motion, Movant does not identify what specific prior findings of the non-bankruptcy courts made which should not be relitigated in this court. In the Points and Authorities, Movant cites *Migra v. Warren City School Dist. Bd. Of Ed.*, 465 U.S. 75, 81 (1984), for the proposition, "If the former judgment is a state court judgment, federal courts must apply the *res judicata* and collateral estoppel rules of the state that rendered the underlying judgment." Points and Authorities, Dckt. 13, p. 12:25-27. Further, Movant cites to the court authorities for the following legal propositions: (1) factual or legal issues necessarily and finally adjudicated in an earlier action or proceeding may be entitled to preclusive; (2) once a judgment on the award becomes final, *res judicata* and collateral estoppel apply; (3) state court judgments are entitled to full faith and credit; and (4) federal courts give the state court's resolution of the *res judicata* issue the same preclusive effect it would have had in another court of the same state. *Id.*, p. 12-13.

There is no discussion or analysis of the requirements for collateral estoppel to apply or how a state court order or judgment could have "*res judicata*" effect on the federal issue of nondischargeability of debt. No discussion of, or citation to any authorities explaining, California issue or claim preclusion law is provided by Movant. Rather, the analysis upon which Movant wants the court to utilize is,

13

> As set forth above and as evidenced by the State Court Findings, this adversary proceeding presents no genuine issue of fact for trial and the Judgement should be determined to be a non-dischargeable debt of Defendant.

*Id.*

Movant does not tie any of the "findings" to nondischargeable claims based on fraud, or based on breach of fiduciary or larceny, or for willful and malicious injury.[4] As addressed above, the necessary elements of each of these federal law nondischargeable claims are not addressed by Movant.

**Movant Fails to Establish What Damages, If Any, Were Cause by the "Some of the Above Conduct" Which is Asserted to Constitute "11 U.S.C. § 523(a)(2)(A), (4) and (6) Nondischargeability**

Even if the court were to construct the grounds stated with particularity from the other pleadings and exhibits, Movant fails to show that the asserted conduct is (1) the basis of the attorneys' fees award and (2) that the conduct is sufficient for nondischargeability. Movant consists of Andrew Katakis, California Equity Management Group, Inc., and Fox Hollow of Turlock Owners' Association. Many of the cited findings relate to Defendant-Debtor's conduct with third-parties, such as the stated misrepresentations to the City of Turlock. Other findings relate to misrepresentations made to lenders. Neither the City of Turlock nor the lenders are before this court. It appears that Movant's

---

[4] The litigation fatigue between the parties is further evidenced in the court being unable to find in the record a judgment or an order for attorneys' fees, or the findings by the court awarding the attorneys' fees. The court has no idea of the actual basis for the attorneys' fees awarded by the State Court. Merely because there was an award of attorneys' fees referenced in an appellate decision does not make it an undisputable, determined fact that there was a determination by the State Court of grounds that establish fraud, breach of fiduciary duty or larceny, or willful and malicious injury for purposes of federal law.

14

contention is that since Defendant-Debtor was improper in his dealings with others, then Movant can take advantage of the harm done to others. That is not a theory by which a nondischargeablity judgment may be granted in this Adversary Proceeding.

Quite possibly, the court and court staff could provide legal services to Movant and assemble from the 89 pages of the District Court of Appeal Decision and the State Court Ruling how a claim for nondischargeablity could be stated. But such "services to a litigant" is not the proper role of the court. Just as the court will not assemble a shield for Defendant-Debtor, it will not forge a sword for Movant.

In wading through the State Court Ruling, the court notes that there is no determination of attorneys' fees and the State Court Ruling expressly states in that ruling, "The court makes no finding at this time as to which party/parties is/are the prevailing party." Exhibit 2, Request for Judicial Notice, Dckt. 15, Statement of Decision, p. 25:4.5-5.5.

Exhibit 1 to the Request for Judicial Notice is the 61-page Court of Appeal Decision. It includes a discussion of dense facts and findings by the State Court. On page 17 of the Court of Appeal Decision, footnote 6 states that "Posttrial orders are the subject of separate appeals." It would not be uncommon that an award of attorneys fees would be the subject of a post-trial motion.

The court notes that on page 55 of the Court of Appeal's Decision there is a discussion of sanctions requested by Movant against one of the other parties aligned with the Defendant-Debtor. The Court of Appeal denied the request for sanctions.

The District Court of Appeal Decision concludes with the

15

following statement:

> The judgment is affirmed. The defendants' motion for reconsideration, deemed a renewed motion to dismiss the appeal, is denied. The defendants' motion for sanctions is denied. The defendants' motion to dismiss Lairtrust, LLC, is denied as moot. The Flake plaintiffs' request that we take judicial notice is denied. The defendants are awarded their costs on appeal. **The trial court is directed to determine the amount of attorney fees to be awarded to defendants for legal services on appeal.** (*Abdallah v. United Savings Bank* (1996) 43 Cal.App,4th 1 101, I 112.)

Dckt. 15; Exhibit 1, Request for Judicial Notice, p. 61 (emphasis added).

From the Motion, Points and Authorities, and Exhibits presented by Movant, the best the court can tell is that the award of attorneys' fees, and the grounds for it, are stated in other orders, findings, rulings, and judgment not presented to this court.[5]

**CONCLUSION**

While the parties have the right to litigate their claims and utilize the strategy they choose, the court emphasizes that the parties shall comply with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and Local Bankruptcy Rules. Here, the instant Motion fails to state with particularity the grounds for summary judgment as required by Fed. R. Civ. P. 7(b), and even the "Mothorities" fails to show grounds for the relief generally requested under 11 U.S.C.

---

[5] The court went so far as to word search the PDF filed Request for special notice for: "attorneys' fees," "attorneys fees," "attorney fee." In doing so the court mined a reference to a post-trial order in which the State Court amended the judgment and awarded Movant $750,000.00 in attorneys' fees ("attorney fees"). District Court Decision, p. 47. The court has not been provided with that amended judgment and the State Court's findings of fact and conclusions of law in issuing that amended judgment.

§ 523(a)(2)(A), (4), and (6).  The court has not been presented with a judgment or order for attorneys' fees and findings of the State Court upon which any such judgment or order is based.

Therefore, as set forth above in this Memorandum Opinion and Decision, the Motion for Summary Judgment or in the Alternative Summary Adjudication is denied without prejudice.

Dated: June 15, 2015

_____
RONALD H. SARGIS, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

**Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), **and** __XX__ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Hilton A. Ryder
7647 N. Fresno Street
Fresno, CA 93720

Richard Carroll Sinclair
P.O. Box 1628
Oakdale, CA 95361